IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSE NIEVES-PARRILLA, §
§ No. 37, 2020
  Defendant Below, §
  Appellant, § Court Below—Superior Court
§ of the State of Delaware
  v. §
§ Cr. ID No. 1810001007 (N)
STATE OF DELAWARE, §
§
  Plaintiff Below, §
  Appellee.

Submitted: April 13, 2020
Decided: May 27, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Jose Nieves-Parrilla, filed this appeal from the Superior Court's denial of his motion for sentence modification under Superior Court Criminal Rule 35(b). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Nieves-Parrilla's opening brief that his appeal is without merit. We agree and affirm.

(2) On August 14, 2019, Nieves-Parrilla pled guilty to two counts of drug dealing and second-degree conspiracy. The Superior Court sentenced Nieves-Parrilla as follows: (i) for drug dealing tier 4, effective October 3, 2018, twenty years

of Level V incarceration, suspended after three years and six months for one year of Level III supervision; (ii) for drug dealing plus an aggravating factor, fifteen years of Level V incarceration, suspended for one year of Level III supervision; and (iii) for second-degree conspiracy, two years of Level V incarceration, suspended for one year of Level III supervision. Nieves-Parrilla did not file a direct appeal.

(3) On December 18, 2019, Nieves-Parrilla filed a motion for sentence modification. The Superior Court denied the motion, finding that the sentence was imposed pursuant to a plea agreement and appropriate for all of the reasons stated at sentencing, two years of the sentence imposed were mandatory and could not be reduced, and the motion was time-barred and there were no extraordinary circumstances to warrant reduction or modification of the sentence. This appeal followed.

(4) In his opening brief, Nieves-Parrilla argues that his counsel should have informed him of the possibility of deportation because he is an illegal immigrant and that he should be released so that he can be deported to his native county, the Dominican Republic. We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[1] Under Rule 35(b), a motion for reduction of sentence filed more than ninety days after imposition of the sentence will be considered only in

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

2

extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217.[2]

(5) The Superior Court did not err in denying Nieves-Parrilla's motion for sentence modification. Nieves-Parrilla filed the motion more than ninety days after the imposition of his sentence. His desire to be deported does not constitute extraordinary circumstances warranting reduction of his sentence. To the extent Nieves-Parrilla seeks to vacate his convictions on the basis of ineffective assistance of counsel, he must file a motion for postconviction relief under Rule 61.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the Superior Court's judgment is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] Under this statute, the Department of Correction may apply for sentence reduction for good cause shown.

[3] *Davis v. State*, 2016 WL 358965, at \*2 (Del. Jan. 28, 2016) ("The proper procedural vehicle for an ineffective assistance of counsel claim is Rule 61, not Rule 35."); *Baltazar v. State*, 2015 WL 257334, at \*3 (Del. Jan. 20, 2015) (recognizing that "Rule 35 is limited to modifying or correcting a sentence, not vacating a conviction").